UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | Criminal Action No. |
| ) | 5:18-cr-74-DCR-MAS-8 |
| v. ) | and |
| ) | Civil Action No. |
| ERIK ORDAZ-ESCALANTE, ) | 5:22-cv-312-DCR-MAS |
| ) | |
| Defendant. ) | |

**REPORT & RECOMMENDATION**

Defendant/Movant Erik Ordaz-Escalante ("Ordaz-Escalante") filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. [DE 252].[1] Chief Judge Reeves referred the motion to the undersigned for a report and recommendation. Perceiving the motion as likely time-barred, the Court ordered briefing limited to the issue of timeliness. [DE 253]. The United States responded, arguing that Ordaz-Escalante's petition is untimely with no right to equitable tolling. [DE 255]. Ordaz-Escalante filed a reply. [DE 257]. Because Ordaz-Escalante's motion is untimely and equitable tolling does not apply on this record, the undersigned recommends dismissal of the pending § 2255 motion.

**I.   FACTUAL BACKGROUND**

On February 7, 2019, Ordaz-Escalante was indicted by a grand jury and charged with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). [DE 14]. A little over five months later, Ordaz-Escalante pleaded guilty to the charge pursuant to a plea agreement with the United States. [DE 128]. The Court sentenced Ordaz-Escalante to seventy-one months'

---

[1] All references to the record are in the pending criminal case.

imprisonment followed by a three-year term of supervised release on November 25, 2019. [DE 163]. Ordaz-Escalante did not appeal.

Ordaz-Escalante filed the instant § 2255 motion on November 22, 2022. [DE 252, Page ID# 1263].[2] He alleges two claims of ineffective assistance. First, he alleges that his trial counsel was ineffective in failing to file a notice of appeal after he indicated his desire to do so. [*Id*. at Page ID# 1246]. Second, Ordaz-Escalante asserts that his trial counsel was ineffective because she misrepresented the contents of his plea agreement and promised that Ordaz-Escalante would be sentenced to no more than 51 months of imprisonment. [*Id*. at Page ID# 1247].

## II.  ANALYSIS

Section 2255 provides "[a] 1-year period of limitation" for filing petitions. This one-year period runs from "the latest of" four specified events: (1) the date the judgment of conviction becomes final; (2) the date the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)-(4).

---

[2] Ordaz-Escalante's § 2255 motion is deemed filed on the date it was signed. *See Brand v. Moley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that, under the prison mailbox rule, a pro se prisoner's pleading is deemed filed when it is handed over to prison officials for mailing to the court, which the court assumes occurs on the date the prisoner signed the pleading, absent contrary evidence).

### A. Start of the Limitation Period

As a threshold matter, both Ordaz-Escalante's ineffective assistance claims are untimely under any applicable limitation period contained in § 2255(f), and he concedes as much. [*See* DE 252, Page ID# 1254 ("This motion is not timely."); DE 252-1, Page ID# 2156 ("Petitioner further asks this Honorable Court for equitable tolling . . . . Although Petitioner is past the one[-]year timeframe after his conviction became final, this was due to circumstances beyond his control.")].

First, both claims are clearly untimely under § 2255(f)(1). Because he did not appeal, Ordaz-Escalante's judgment became final fourteen days after its entry—on December 9, 2019. FED. R. APP. P. 4(b)(1)(A); *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) ("[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed."). Ordaz-Escalante then had until December 9, 2020, to file a timely § 2255 motion under § 2255(f)(1), but he did not do so until November 22, 2022, missing the deadline by nearly two years.

Second, Ordaz-Escalante's claim that his counsel was ineffective for failing to appeal his judgment is also untimely under § 2255(f)(4).[3] The Sixth Circuit has recognized that the delayed

---

[3] Ordaz-Escalante concedes that his motion is untimely under § 2255(f)(1). *See* [DE 252-1, Page ID# 2156 ("Although Petitioner is past the one[-]year timeframe after his conviction became final, this was due to circumstances beyond his control.")]. However, in his Reply, he also asserts that he first realized his trial counsel had not filed a notice of appeal in February 2022, and he argues for a delay in the applicable limitations period based on this discovery. [*See* DE 257, Page ID# 1279 ("Petitioner understands that after the date of discovery of the underlying facts, he is entitled to further delay so long as the petition is filed within one year of the date facts were discovered.")]. Given the Court's obligation to liberally construe *pro se* filings, the Court also determines whether Ordaz-Escalante's motion is timely under § 2254(f)(4). *See Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985) ("The appropriate liberal construction requires active interpretation in some cases to construe a pro se [habeas] petition 'to encompass any allegation stating federal relief.'").

limitation period under § 2255(f)(4) may apply to claims of ineffective assistance of counsel premised on counsel's failure to appeal a sentence. *See Moore v. United States*, 438 F. App'x 445, 447–48 (6th Cir. 2011). In such a case, the appropriate inquiry under § 2255(f)(4) is "when a duly diligent person in petitioner's circumstances would have discovered that no appeal had been filed." *Moore*, 438 F. App'x at 447 (quoting *Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000)). It is the petitioner's burden to demonstrate his due diligence. *Id*.

The period during which Ordaz-Escalante could have filed a timely appeal began to run on November 25, 2019, when his judgment was entered. [DE 163]. Ordaz-Escalante filed his § 2255 motion on November 22, 2022. [DE 256]. So, if a duly diligent person in Ordaz-Escalante's circumstances would have discovered that no appeal had been filed sometime in the approximately two-year period between the final judgment on November 15, 2019, and November 22, 2021 (one year prior to the filing of his § 2255), his motion is also not timely under § 2255(f)(4). Ordaz-Escalante's "subsequent delay in *actually* discovering the lack of an appeal (in this case, [sometime in February of 2022]) is irrelevant; the appropriate inquiry is whether the § 2255 motion was filed within one year of 'when a duly diligent person in petitioner's circumstances would have discovered that no appeal had been filed.'" *United States v. Weaver*, No. 1:13-CR-059, 2019 WL 4751711, at *2 (S.D. Ohio Sept. 30, 2019) (quoting *Wims*, 225 F.3d at 190).

Ordaz-Escalante offers a number of explanations for his delay in filing his § 2255 motion. He states his facility was under lockdown or modified operations from March 10, 2020, until December 2021, which prevented his access to the law library and other inmates and resources that could help assist him, as a Spanish-speaking inmate-with access to the Courts. [DE 257, Page ID# 1278]. He also asserts that he was in transit for one day in September of 2021. [*Id*. at Page ID# 1277]. And he vaguely suggests that he was also in transit for some period before the onset

4

of the COVID-19 pandemic, although he does not offer any dates. [DE 252-1, Page ID# 1257]. He also states that his attorney, at some point, "stopped answering telephone calls and rarely responded to letters[,]" but he offers no details as to what efforts he took to contact his counsel or when those efforts occurred. [*Id.*].

On these facts and this record, the Court cannot find that Ordaz-Escalante has satisfied his burden to show that due diligence would have led him to discover that his appeal had not been filed only on or after November 22, 2021. Even assuming Ordaz-Escalante was unable to access the Courts during the entire period in which his facility was under lockdown or modified operations, he has offered no explanation for his apparent failure to inquire into the status of his appeal during the approximately three-and-one-half-month period after his judgment was entered and before his facility entered COVID-19 lockdown. Moreover, he does not offer any details about his attempts to contact his attorney, so the Court cannot presume that he was diligently inquiring into the status of his appeal during this period. Rather, following the judgment, Ordaz-Escalante appears not to have filed anything in his case until August 23, 2022, when he filed a motion for compassionate release. [DE 249].

While due diligence "does not require the maximum feasible diligence, only due, or reasonable diligence[,]" *Jefferson v. United States*, 730 F.3d 537, 544 (6th Cir. 2013) (quoting *DiCenzi v. Rose,* 452 F.3d 465, 471 (6th Cir. 2006)), the Court is satisfied that reasonable diligence based on the facts as Ordaz-Escalante has alleged would have resulted in the discovery of his attorney's failure to file an appeal well before November 22, 2021, even taking into account the realities of the prison system and periods of lockdown or modified operations due to COVID-19. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 815–19 (8th Cir. 2008) (finding petitioner's three-month delay in discovering his attorney had failed to file an appeal as directed, despite

allegations regarding petitioner's communication problems while incarcerated, was unreasonable and did not entitle petitioner to the delayed limitation period under § 2255(f)(4)). Accordingly, Ordaz-Escalante is not entitled to delay the start of the limitation period under § 2255(f)(4) with respect to his claim that his counsel was ineffective for failing to appeal his judgment.

### B. Equitable Tolling

Ordaz-Escalante also argues that the Court should equitably toll the limitation period for filing his habeas petition. [DE 252, Page ID# 1254 ("This motion is not timely."); DE 252-1, Page ID# 2156 ("Petitioner further asks this Honorable Court for equitable tolling . . . . Although Petitioner is past the one[-]year timeframe after his conviction became final, this was due to circumstances beyond his control.")]. He appears to offer the same arguments for both equitably tolling the limitation period and delaying the start of the limitation period under § 2255(f)(4). That is, he seeks equitable tolling due to (1) the impacts of COVID-19 as well as (2) the circumstances surrounding his incarceration. [DE 252, Page ID# 1254; DE 257, Page ID # 1277–79].

The AEDPA statute of limitations is non-jurisdictional, so equitable tolling of the limitation period may apply in appropriate § 2255 cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Shelton v. United States*, 800 F.3d 292, 295 (6th Cir. 2015). But the doctrine must be "used sparingly[,]" and "[t]he party seeking equitable tolling bears the burden of proving he is entitled to it." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). A petition may be equitably tolled only if the petitioner demonstrates *both* that "he has pursued his rights diligently" *and* that "some extraordinary circumstance prevented timely filing." *Id.* The Court evaluates an equitable tolling request under this two-part framework. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749–50 (6th Cir. 2011). Based upon the current record, Ordaz-Escalante has not shown that he is entitled to equitable tolling.

First, the Court addresses Ordaz-Escalante's claims that COVID-19 and its surrounding complications prevented him from filing his habeas petition for nearly three years following entry of judgment against him. There is no dispute that the COVID-19 pandemic disrupted many parts of the justice system. But Ordaz-Escalante does not make any effort to account for the months following entry of judgment in his case prior to the start of the pandemic or well after its impacts had greatly lessened. As the court in *Thompson v. United States* emphasized in connection to the COVID-19 pandemic, "courts have declined to find reasonable diligence when a petitioner (whose one-year limitation period had run in substantial part prior to the onset of the pandemic) fails to provide evidence as to why they could not have filed their motion **prior** to the pandemic becoming an impediment." No. 3:20-cv-700, 2021 WL 2457750, at *3 (M.D. Tenn. June 15, 2021) (emphasis added) (citing several authorities in support). A petitioner seeking equitable tolling based upon COVID-19 "must demonstrate fact-specific circumstances related to the pandemic that hindered his ability to timely file a § 2255 motion." *United States v. Marshall*, No. 5:18-cr-122-KKC-MAS-1, 2021 WL 3854469, at *2 (E.D. Ky. Aug. 5, 2021). Ordaz-Escalante makes no such showing, but merely makes vague allegations that the pandemic led to "quarantine periods[,]" periods of lockdown, and periods of modified operations, which he asserts prevented his access to legal resources and resources to assist Spanish-speaking inmates like himself. [DE 252-1, Page ID# 1257; DE 257, Page ID# 1278].

Second, Ordaz-Escalante complains that circumstances surrounding his incarceration made it difficult for him to perfect his petition. Namely, Ordaz-Escalante cites that he "was in transit for a period of time" after his sentencing. "[T]he Sixth Circuit has previously held that time spent in transit is not a circumstance extraordinary enough to justify equitable tolling where a Petitioner could have diligently pursued his rights and timely filed a § 2255 motion during the remaining

year-period available to him." *Kincaid v. United States*, No. 3:10-CR-160-TAV-HBG-2, 2019 WL 3431740, at *2 (E.D. Tenn. July 30, 2019) (citing *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001)). Here, Ordaz-Escalante identifies only one transit day in September 2021, [DE 257, Page ID# 1277], and he vaguely suggests that he was also in transit for some period before the onset of the COVID-19 pandemic without offering specific dates. [DE 252-1, Page ID# 1257]. The Court is left to guess the time at issue or how this time frame ties into his complaints about the pandemic, if at all. Consequently, without substantially more information, Ordaz-Escalante's complaints about being in transit do not justify equitable tolling.

Ordaz-Escalante also complains that "[i]nmates faced quarantine periods, limited movements, lockdowns, and the result was that legal research tools were largely unavailable, and access to knowledgeable inmates or 'jailhouse lawyers' was very limited." [*Id*.]. Much of this is duplicative of his argument related to the COVID-19 pandemic, but the Court cannot assume as much given the vague nature of the complaints. Regardless, "[c]ourts have consistently held that general allegations of placement in segregation and lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where a petitioner does not sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition." *Andrews v. United States*, No. 17-1693, 2017 WL 6376401, at *2 (6th Cir. Dec. 12, 2017) (citing *Paulcin v. McDonough*, 259 F.App'x 211, 213 (11th Cir. 2007); *United States v. Fredette*, 191 F.App'x 711, 713 (10th Cir. 2006)). Indeed, a "lack of knowledge of the law, and limited access to the prison's law library or to legal materials do not justify equitable tolling" as those "conditions are typical for many prisoners, and therefore do not constitute extraordinary circumstances." *Chapman-Sexton v. United States*, No. 2:16-CR-00141(1), 2021 WL 292027, at *3 (S.D. Ohio, Jan. 28, 2021) *report and recommendation adopted*, No. 2:16-CR-00141(1), 2021

WL 982718 (S.D. Ohio Mar. 16, 2021) (citing *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750–51 (6th Cir. 2011); *Adams v. Chillicothe Corr. Inst.*, No. 2:16-CV-563, 2016 WL 4442826, at *2 (S.D. Ohio Aug. 22, 2016)).

In sum, it is the movant's burden to demonstrate entitlement to equitable tolling, and Ordaz-Escalante has not done so on this record. Ordaz-Escalante's ambiguous assertions about the COVID-19 pandemic and his conditions of incarceration are not circumstances sufficient to justify equitable tolling. Ordaz-Escalante has in no way demonstrated that he was diligently pursuing his rights during the one-year period in which he could have timely filed a § 2255 motion. Accordingly, having provided "fair notice" of the petition's timing deficiencies and having permitted both sides an opportunity to respond on the issue, the Court recommends dismissal of Ordaz-Escalante's § 2255 motion as time-barred. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") shall issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Reasonable jurists could not debate the procedural timeliness result in this case, should the District Judge adopt it. The record confirms that Ordaz-Escalante placed his filing in the prison mailing system nearly two years after the expiration of the limitation period under § 2255(f)(1). Further, the record clearly demonstrates that Ordaz-Escalante's failure to discover the lack of his appeal at any point before November 22, 2021, was not the result of reasonable diligence, so he is not entitled to the delayed limitation period under § 2255(f)(4). Nor has Ordaz-Escalante discharged his burden of demonstrating tolling entitlement based on his general allegations of the pandemic, time in transit, and lack of access to legal materials. Those allegations lack factual specificity and, as the Court noted above, courts consistently deny tolling arguments premised on such vague allegations. A certificate of appealability may not issue because this result is not reasonably debatable.

Though the Court recognizes the harshness of this result, it nonetheless must faithfully apply the relevant legal standards, including those pertaining to tolling, and enforce the statutory procedural rules as Congress intended. *See Robertson*, 624 F.3d at 784 (noting that tolling should be invoked only "sparingly"); *Dodd v. United States*, 545 U.S. 353, 359 (2005) (emphasizing generally that, despite "the potential for harsh results in some cases, [courts] are not free to rewrite the statute[s] that Congress has enacted" pertaining to important postconviction procedural rules).

The Court thus recommends denial of a certificate of appealability concerning the procedural denial of Ordaz-Escalante's § 2255 motion [DE 252].

## IV. CONCLUSION

For the reasons here discussed, the Court **RECOMMENDS** as follows:

1. The District Court **DENY** Ordaz-Escalante's pending § 2255 motion [DE 252] as time-barred; and

2. The District Court **DENY** a certificate of appealability as to all issues, should movant request a certificate of appealability; and

The Clerk **SHALL** serve a copy of this Report and Recommendation on Ordaz-Escalante. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appellate rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b)(1), Fed. R. Civ. P. 72(b), Fed. R. Crim. P. 59(b), and local rule, **within fourteen days** after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court.

Entered this the 24th day of February, 2023.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY